UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE OLVERA, | 1:12-CV-00108 BAM HC |
|     Petitioner, | ORDER CONSTRUING MOTION TO DISMISS AS RESPONSE |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| HECTOR RIOS, Warden, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
|     Respondent. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have voluntarily consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the United States Bureau of Prisons at the United States Penitentiary in Atwater, California. By this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on December 9, 2010, in which he was found guilty of assault. (See Resp't's Mot. Dismiss, Attach. 4.) Petitioner was assessed a loss of 27-days of good conduct time, 30-days disciplinary segregation, and

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and the attachments in support of Respondent's answer.

three months of commissary privileges. (Id.) Petitioner claims innocence. He further claims he was denied material and exculpatory evidence during the critical fact-finding process.

On June 25, 2012, Respondent filed a motion to dismiss the petition.[2] On July 11, 2012, Petitioner filed a traverse.

**FACTUAL BACKGROUND**[3]

On December 9, 2010, a disciplinary hearing was held with respect to charges that on November 7, 2010, Petitioner, along with several other inmates, assaulted inmate Danny Torres. Petitioner was seen striking inmate Torres about the head and torso with closed fists. When Torres fell to the floor, Petitioner proceeded to kick him with his boots. Petitioner was advised of his rights prior to the hearing and he stated he understood them. A copy of the incident report was also provided to him in advance of the hearing. Petitioner did not request a staff representative or witnesses. At the hearing, Petitioner provided the following statement, "I didn't hit nobody." The hearing officer concluded that Petitioner had committed the prohibited act of assaulting another person.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241 extends to a person in federal custody if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner was in custody at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court, at the time the petition was filed; therefore, this Court is the proper venue. 28 U.S.C. § 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition

---

[2] Although Respondent responded to the petition with a motion to dismiss, he addresses the merits of the claims presented in the petition. Therefore, the Court will CONSTRUE the motion as an answer to the petition.

[3] This information is derived from the attachments in support of Respondent's answer. (See Resp't's Mot. Dismiss, Attach. 3, 4.)

for writ of habeas corpus. <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction.

II.  Standard of Review

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  <u>Id.</u> at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455, *citing* <u>United States ex rel. Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927)

In this case, Petitioner's due process rights were met. He was given advance written notice of the charges. He was provided an opportunity to call witnesses, but he chose not to do so. He was also given an opportunity to present evidence in his defense.  In his petition, he claims he was denied exculpatory evidence in the form of video recordings from cameras that were near the incident. However, he did not request such evidence at the hearing.  Rather, he relied on his own statement that he did not commit the offense. Additionally, Petitioner was given a written statement by the factfinder of the evidence relied on and the reasons for the guilty finding.  Thus, Petitioner was afforded his procedural due process rights.

Finally, there was at least some evidence from which to conclude Petitioner committed the charged offenses.  Witnesses reported seeing Petitioner striking the victim in the head and torso with

closed fists, and then striking the victim with his boots when the victim was on the floor. Based on the totality of the circumstances, the hearing officer found Petitioner guilty of the offenses. Petitioner fails to demonstrate that there was not "some evidence" from which to conclude he committed the offenses.

In sum, all due process requirements were satisfied. The petition is without merit and should be denied.

III.  Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>       (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than

the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's Motion to Dismiss the petition is CONSTRUED as an Answer;

2) The Petition for a Writ of Habeas Corpus is DENIED with prejudice;

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   **July 17, 2012**                              **/s/ Barbara A. McAuliffe**
                                                                     UNITED STATES MAGISTRATE JUDGE